IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| YOLANDA AGUILAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-565-A |
| | § | |
| STATE FARM LLOYDS, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, Yolanda Aguilar, to remand. The court, having considered the motion, the response of defendant State Farm Lloyds ("insurer"), the record, and applicable authorities, finds that the motion should be denied and that plaintiff's claims against defendant Jon Dicesare ("Dicesare") should be dismissed.

I.

Background

On June 26, 2015, plaintiff filed her original petition in the 342nd Judicial District Court of Tarrant County, Texas. In it, plaintiff alleged: Plaintiff is the owner of a homeowners' insurance policy issued by insurer covering property located in Haltom City, Texas. On or about June 15, 2013, plaintiff's property was damaged by hail or wind. Plaintiff submitted a claim to her insurer and insurer assigned Dicesare to adjust the claim.

Dicesare's inspection was deficient and together insurer and Dicesare set about to deny and/or underpay plaintiff's claim.

Plaintiff asserts claims against Dicesare and insurer for noncompliance with the Texas Insurance Code § 541.060, fraud and conspiracy. She asserts claims against insurer for violation of the prompt payment of claims provisions of the Texas Insurance Code, breach of contract, and breach of duty of good faith and fair dealing.

On July 30, 2015, insurer filed its notice of removal bringing the action before this court. The notice states that the court has subject matter jurisdiction by reason of diversity of citizenship under 28 U.S.C. § 1332, and amount in controversy in excess of the sum or value of $75,000, exclusive of interest and costs. Insurer contends that the Texas citizenship of Dicesare should be disregarded because he was not properly joined as a defendant.

On August 14, 2015, plaintiff filed her amended complaint, without first obtaining leave of court as she was required to do. Fed. R. Civ. P. 15(a). And, the amended complaint bears a simulated signature in violation of the undersigned's judge-specific requirements. Nevertheless, as defendants have filed answers to the amended complaint without objecting thereto, the

court is considering that pleading in conjunction with the motion to remand.[1]

II.

The Motion to Remand and Applicable Standards

Plaintiff contends that removal is inappropriate because she has stated viable state-law causes of action against Dicesare and both plaintiff and Dicesare are Texas citizens.

The burden of establishing federal court jurisdiction is on the party seeking removal, i.e., invoking the court's jurisdiction. Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). The removal statute is strictly construed and any doubt as to the propriety of removal is resolved in favor of remand. Id. at 281-82. Where, as here, removal is based on improper joinder, the party seeking removal bears a heavy burden of proving that the joinder of the in-state defendant was improper. Smallwood v. Ill. Central R.R., 385 F.3d 568, 574 (5th Cir. 2004).

To determine whether a party has been improperly or fraudulently joined to prevent removal, the court analyzes whether there is actual fraud in the pleading of jurisdictional facts or the plaintiff is unable to establish a cause of action

---

[1] The court notes, however, that the Fifth Circuit has instructed that the court is to disregard any new claims or theories of recovery not pleaded in state court. Akerblom v. Ezra Holdings, Ltd., 509 F. App'x 340, 344 (5th Cir. 2013)(unpublished)(per curiam).

3

against the nondiverse party. Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). As there is no allegation of actual fraud in this case, the court considers

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Smallwood, 385 F.3d at 573. To answer this question, the court conducts a Rule 12(b)(6)-type analysis, id. at 573-74, and applies the Texas pleading standard. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., ___ F.3d ___, No. 14-20552, 2015 WL 4979009, at *3 (5th Cir. Aug. 21, 2015).

Texas rules of pleading require that the plaintiff give fair notice of the claims and relief sought such that the opposing party can prepare a defense. In re Lipsky, 460 S.W.3d 579, 590 (Tex. 2015). The Texas Supreme Court has recognized, however, that there are instances requiring the pleader to provide enough detail to show a factual basis for her claims. Id. at 590-91. Pertinent here is Texas Civil Rule 91a, which authorizes the filing of a motion to dismiss a cause of action on the ground that it has no basis in law or in fact. Specifically, the Rule provides:

> A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant

4

  to the relief sought. A cause of action has no basis in fact if no reasonable person could belief the facts pleaded.

Tex. R. Civ. P. 91a.1. Texas courts have interpreted the dismissal under Rule 91a as analogous to Rule 12(b)(b) and have relied on federal case law in applying Rule 91a. Guzder v. Haynes & Boone, L.L.P., No. 01-13-00985-CV, 2015 WL 3423731, *3 (Tex. App.-Houston [1st Dist.] May 28, 2015, no pet.); GoDaddy.com, LLC v. Toups, 429 S.W.3d 752, 754-55 (Tex. App.-Beaumont 2014, pet. denied). Specifically, they analyze whether a pleading contains enough facts to state a claim to relief that his plausible on its face, relying on the standards set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Wooley v. Schaffer, 447 S.W.3d 71, 76 (Tex. App.-Houston [14th Dist.] 2014, pet. denied). And, under those standards, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Ashcroft, 556 U.S. at 678).

III.

Analysis

  As stated, plaintiff asserts claims against Dicesare for fraud, conspiracy and violations of the Texas Insurance Code. None of these claims is viable.

5

To state a claim for fraud, plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Herrmann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotation marks omitted); Medistar v. Twelve Oaks Partners, Ltd. v. American Econ. Ins. Co., No. H-09-3828, 2010 WL 2949337, at *1-2 (S.D. Tex. July 23, 2010).[2]

To state a claim for conspiracy under Texas law, plaintiff must allege: (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damates as the proximate result. Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983). Liability for conspiracy depends on the participation in some underlying tort for which plaintiff seeks to hold at least one of the defendants liable. Tilton v. Marshall, 925 S.W.2d 672, 681 (Tex. 1996). Thus, conspiracy to breach a contract is not actionable under Texas law. Grizzle v. Texas Commerce Bank, 38 S.W.3d 265, 285 (Tex. App.-Dallas 2001), rev'd on other grounds, 96 S.W.3d 240 (Tex. 2003). Further, a corporation cannot conspire with itself. Leasehold Expense

---

[2] The court need not undertake an analysis as to the specificity required for the pleading of a fraud claim under Texas law inasmuch as plaintiff has filed an amended complaint in this court, thus subjecting herself to the requirements of Fed. R. Civ. P. 9(b).

6

Recovery, Inc. v. Mothers Work, Inc., 331 F.3d 452, 463 (5th Cir. 2003). "[T]he acts of a corporate agent on behalf of the corporation are deemed the corporation's acts." Orthoflex, Inc. v. ThermoTek, Inc., Nos. 3:11-CV-0870-D, 3:10-CV-2618-D, 2012 WL 2864510, at *6 (N.D. Tex. July 12, 2012)(quoting Holloway v. Skinner, 898 S.W.2d 793, 795 (Tex. 1995)). A conspiracy between a corporation and its agent can exist only where the agent is acting outside the scope of his employment for his own personal benefit. Mathis v DCR Mortg. III Sub I, LLC, 952 F. Supp. 2d 828, 836-37 (W.D. Tex. 2013); Crouch v. Trinque, 262 S.W.3d 417, 427 (Tex. App.-Eastland 2008, no pet.)(discussing Fojtik v. First Nat'l Bank, 752 S.W.2d 669 (Tex. App.-Corpus Christi 1988), writ denied, 775 S.W.2d 632 (Tex. 1989)).

Finally, under the Insurance Code, the special relationship creating a duty to the insured exists between the insurer and insured, for it arises out of the contractual relationship between them. Natividad v. Alexsis, Inc., 875 S.W.2d 695, 698 (Tex. 1994). Insurance adjustors do not have a contractual relationship with the insured and do not owe a duty of good faith and fair dealing. Id.; Crocker v. Am. Nat'l Gen. Ins. Co., 211 S.W.3d 928, 937-38 (Tex. App.-Dallas 2007, no pet.). Thus, even though an adjuster is a "person" under the Insurance Code, an adjustor cannot be held liable for violation of the Code unless

7

he causes an injury distinguishable from the insured's actions. Nasti v. State Farm Lloyds, No. 4:13-CV-1413, 2014 WL 710458, at *3 (S.D. Tex. Feb. 19, 2014); Novelli v. Allstate Texas Lloyd's, No. H-11-2690, 2012 WL 949675, at *4-5 (S.D. Tex. Mar. 19, 2012). In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage. Messersmith v. Nationwide Mut. Fire Ins. Co., 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). And, post-loss statements regarding coverage are not misrepresentations under the Insurance Code. Texas Mut. Ins. Co. v. Ruttiger, 381 S.W.3d 430, 445-56 (Tex. 2012); One Way Investments, Inc. v. Century Surety Co., No. 3:14-CV-2839, 2014 WL 6991277, at *4-5 (N.D. Tex. Dec. 11, 2014).

Bearing in mind the foregoing applicable authorities, plaintiff has failed to state a plausible claim against defendant Dicesare. Plaintiff's allegations regarding Dicesare are conclusory and related to the investigation and estimation of damages. Although the complaint goes on for page after page, it is clear that plaintiff's claims arise out of the insurer's alleged breach of its duty to her and the insurer's denial of her claim. See, e.g., Doc. 12, ¶¶ 17, 18, 19, 33.[3] Plaintiff has not alleged any damages caused by Dicesare individually. See

---

[3]The "Doc. __" reference is to the court's docket in this action.

DeCluette v. State Farm Lloyds, No. 3:12-CV-4449-B, 2013 WL 607320, at *4 (N.D. Tex. Feb. 19, 2013); Dougherty v. State Farm Lloyds, No. 4:01-CV-611-A, 2001 WL 1041817, at *2 n.1 (N.D. Tex. Aug. 30, 2001). Nor has she alleged any actions outside the scope of his employment.

IV.

Order

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

The court further ORDERS that plaintiff's claims against Dicesare be, and are hereby, dismissed for failure to state a claim upon which relief can be granted.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Dicesare.

SIGNED September 28, 2015.

_____
JOHN McBRYDE
United States District Judge