

NORTHERN DISTRICT OF TEXAS

FILED

JUL - 5 2016

CLERK, U.S. DISTRICT COURT

By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| YOLANDA AGUILAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-565-A |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, State
Farm Lloyds, for summary judgment. The court, having considered
the motion, the response of plaintiff, Yolanda Aguilar, the
reply, the record, the summary judgment evidence, and applicable
authorities, finds that the motion should be granted.

I.

## Background

This action was initiated by the filing by plaintiff, on
June 26, 2015, of her original petition in the 342nd Judicial
District Court of Tarrant County, Texas. On July 30, 2015, the
action was brought before this court by notice of removal filed
by defendant. At the time of the removal, defendant's adjustor,
Jon Dicesare ("Dicesare"), was named as a party to the action,
but defendant maintained that Dicesare had been improperly joined
to defeat diversity jurisdiction.

After the action was removed, plaintiff filed an amended complaint without leave of court and in violation of the undersigned's judge-specific requirements. In it, she alleges: She is the owner of a homeowners' insurance policy issued by defendant covering property located in Haltom City, Texas. On or about June 15, 2013, plaintiff's property was damaged by wind or hail. Plaintiff submitted a claim, which Dicesare was assigned to adjust. Dicesare's inspection was deficient in that he underestimated and undervalued the cost of repairs to the property. Plaintiff did not receive the benefit of her bargain.

Plaintiff asserts claims against defendant for breach of contract, unfair settlement practices under the Texas Insurance Code, Tex. Ins. Code § 541.060, noncompliance with the prompt payment of claims requirements of the Texas Insurance Code, Tex. Ins. Code § 542.055, .056, and .058, breach of duty of good faith and fair dealing, fraud, and conspiracy to commit fraud.

Plaintiff filed a motion to remand, which the court denied. Doc.[1] 25. The court determined that plaintiff had not stated a plausible claim against Dicesare. The court ordered that the claims against Dicesare be dismissed and made that ruling final. Id.; Doc. 26.

---

[1] The "Doc." reference is to the number of the item on the docket in this action.

After the court's ruling, plaintiff invoked the appraisal process pursuant to the insurance policy. The parties each appointed an appraiser and the two appraisers agreed on the amount of loss. Defendant timely paid the appraisal award, which in the ordinary case would have been the end of the matter. Plaintiff persists, however, in asserting her claims.

II.

### Grounds of the Motion

Defendant maintains that, now that the appraisal process has been completed and defendant has paid plaintiff's claim, plaintiff cannot prevail on any of her claims and defendant is entitled to judgment as a matter of law.

III.

### Applicable Legal Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence

3

of evidence supporting one or more essential elements of the
nonmoving party's claim, "since a complete failure of proof
concerning an essential element of the nonmoving party's case
necessarily renders all other facts immaterial." Id. at 323.
Once the movant has carried its burden under Rule 56(a), the
nonmoving party must identify evidence in the record that creates
a genuine dispute as to each of the challenged elements of its
case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party
asserting that a fact . . . is genuinely disputed must support
the assertion by . . . citing to particular parts of materials in
the record . . . ."). If the evidence identified could not lead
a rational trier of fact to find in favor of the nonmoving party
as to each essential element of the nonmoving party's case, there
is no genuine dispute for trial and summary judgment is
appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy
Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits,
> interrogatories, admissions, and depositions could not,
> as a whole, lead a rational trier of fact to find for
> the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is
the same as the standard for rendering judgment as a matter of

law.[2] <u>Celotex Corp.</u>, 477 U.S. at 323.  If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. <u>Matsushita</u>, 475 U.S. at 597; <u>see also</u> <u>Mississippi Prot. & Advocacy Sys.</u>, 929 F.2d at 1058.

IV.

<u>Analysis</u>

The summary judgment evidence establishes that, in accordance with the terms of the policy, plaintiff and defendant each appointed an appraiser and the appraisers agreed upon the amount of the loss. Their agreement fixed the amount of the loss. Defendant timely paid the amount of loss to plaintiff. Accordingly, plaintiff cannot pursue her breach of contract claim. <u>Breshears v. State Farm Lloyds</u>, 155 S.W.3d 340, 343 (Tex. App.–Corpus Christi 2004, pet. denied). Nor can plaintiff maintain her extra-contractual claims. <u>Blum's Furniture Co. v. Certain Underwriters at Lloyds London</u>, 459 F. App'x 366, 369 (5th Cir. 2012); <u>Dizdar v. State Farm Lloyds</u>, No. 7:14-CV-664, 2016 WL 695777, at *6 (S.D. Tex. Feb. 22, 2016).

Plaintiff's argument that she can still maintain a breach of contract claim following successful completion of the appraisal

_____

[2]In <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

process is without merit. Under plaintiff's theory, any appraisal award that differed from the insurer's original assessment of a loss would substantiate a breach of contract claim. The entire purpose of the appraisal process would be rendered nugatory.

Plaintiff's argument that she can proceed with her extra-contractual claims is especially galling. The record reflects that plaintiff accepted the payment defendant made on her claim in July 2013 without making any complaint whatsoever. Defendant did not hear anything from plaintiff for over two years, when it received notice that she had filed this action.

Even if plaintiff could pursue any of her claims, and the court is satisfied that she cannot, she has not come forward with any evidence of any independent injury, much less any outrageous conduct on the part of defendant. <u>See Great American Ins. Co. v. AFS/IBEX Fin. Servs.</u>, 612 F.3d 800, 808 n.1 (5th Cir. 2010); <u>Burks v. Metropolitan Lloyds Ins. Co.</u>, No. H-14-591, 2015 WL 4126654, at *4 (S.D. Tex. July 8, 2015). Plaintiff has no evidence of fraud or conspiracy. In sum, she has not raised any genuine issue of material fact for trial.

V.

<u>Order</u>

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing

on her claims against defendant; and that such claims be, and are hereby, dismissed.

     SIGNED July 5, 2016.

_____
JOHN McBRYDE
United States District Judge